**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Blaine David WHYTE, Defendant–Appellant.**

No. 03–30478.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Sept. 23, 2004.

Frank Noonan, Esq., Office of the U.S. Attorney, Mark O. Hatfield, Portland, OR, for Plaintiff–Appellee.

Ruben L. Iniguez, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GRABER, GOULD, and BERZON, Circuit Judges.

MEMORANDUM *

Defendant Blaine David Whyte appeals his conviction, after a guilty plea, of possessing stolen mail, challenging the district court's denial of his motion to suppress physical evidence found upon execution of a search warrant. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court did not clearly err in its fact-finding as to Ms. Whyte's authority to consent to the initial police entry into the garage. *See United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002) (stating standard of review). Based on its findings, on de novo review, *id.,* we conclude that there was no error.

Ms. Whyte had common authority over her home, even though she had been moved to a nursing facility a little over a week before she gave consent to the search. Her common authority is established by the following facts, among others: She owned the house, the house was furnished almost entirely with her possessions, someone calling the telephone number listed for her home would reach her by call-forwarding at the nursing home, and her dog remained at the house. *See United States v. Yarbrough,* 852 F.2d 1522, 1533–34 (9th Cir.1988) (discussing indicia of common authority over property for the purpose of giving consent to search).

2. The district court found that the officers were lawfully inside the garage, based on Ms. Whyte's consent, necessarily deciding that the discovery of the stolen check did not occur after the officers finished taking care of the dog, a conclusion which finds ample support in the record. *See United States v. Rubio,* 727 F.2d 786, 797 (9th Cir.1983) (stating standard of review on scope of consent). The officers did not exceed the scope of her consent to remain in the garage for as long as it took to attend to the dog. As the scope-of-consent argument in the briefs to this court focused entirely on the contention that the movement of the photograph was beyond the scope of the consent because it occurred after the dog had been fed, we do not address the separate issue whether that movement was a search.

AFFIRMED.